USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: JUN 0 1 2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
UNITED STATES OF AMERICA,

    -against-

GERARD DENAULT,

                              Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

MEMORANDUM DECISION
AND ORDER

11 Crim. 121-7 (GBD)

GEORGE B. DANIELS, United States District Judge:

Defendant Gerard Denault moves for compassionate release, pursuant to 18 U.S.C. § 3582(c)(1)(A). (*See* Emergency Mot. For Compassionate Release Under 18 U.S.C. § 3582(c)(1)(A) ("Def. Mot."), ECF No. 553.) The Government opposes that motion. (*See* Letter dated May 8, 2020 ("Govt Letter"), ECF No. 558.) Defendant argues that the risks posed by his incarceration during the COVID-19 pandemic, in light of his numerous medical conditions, present "extraordinary and compelling" justification for immediate release to home confinement. Defendant's motion is DENIED.

## I. BACKGROUND

Defendant, along with his two co-defendants at trial, orchestrated a "massive kickback and fraud scheme of epic proportion" against New York City, defrauding taxpayers of millions of dollars in connection with a City initiative to develop a more accurate timekeeping system for City employees. (April 28, 2014 Sentencing Tr. at 74:20-22.) Defendant, an executive for the lead contractor on the project, personally received over $5.6 million in kickbacks for corruptly steering money from the City to a subcontractor. (Govt Letter at 1 (citing Defendant's Presentence Report).) After trial, all three defendants were convicted. Defendant Denault was convicted of

conspiracy to commit wire fraud, wire fraud, conspiracy to commit honest services fraud, honest services fraud, conspiracy to violate the Travel Act, and conspiracy to commit money laundering. This Court sentenced each defendant to an aggregate term of 20 years' imprisonment for their involvement in "the largest city corruption scandal in decades." (J. in a Criminal Case, ECF No. 368; April 28, 2014 Sentencing Tr. at 74:22-23.)

Defendant has served six years of his twenty-year sentence and is currently incarcerated at FCI Fort Dix. FCI Fort Dix is made up of two separate, but adjacent, facilities: a low security federal correctional institution and an adjacent minimum security satellite camp. (Govt Letter at 4 (citing FCI Fort Dix BOP Website, https://www.bop.gov/locations/ institutions/ftd/).) Defendant is incarcerated at the low security facility. The Government reports that as of May 8, 2020, there were approximately 2,707 inmates at the low security facility and 229 inmates in the satellite camp, with 31 confirmed cases of COVID-19 at the satellite camp and none at the low security facility. (*Id.*) Defendant contends that he is among the most vulnerable to experiencing serious consequences of COVID-19. He is 58 years old and suffers from numerous medical ailments, including morbid obesity, hypertension, hypercholesterolemia (elevated cholesterol), and sleep apnea, among other conditions. (Def. Mot. at 4.)

## II. LEGAL STANDARD

As amended by the First Step Act, 18 U.S.C. § 3582(c)(1)(A) allows a court to reduce a term of imprisonment (and impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after assessing the factors set forth in Section 3553(a), it finds that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A). However, a court may do so only "upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the

defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *Id.* Further, any such reduction must also be "consistent with applicable policy statements issued by the Sentencing Commission." *Id.* Specifically, the Application Notes to United States Sentencing Guidelines ("U.S.S.G.") § 1B1.13 outline three sets of circumstances that qualify as "extraordinary and compelling reasons," which broadly relate to the defendant's medical condition, age and family circumstances. U.S.S.G. § 1B1.13, Appl. Note 1(A)-(C). The Application Notes also provide a catchall condition for "an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." *Id.* § 1B1.13, Appl. Note 1(D). Additionally, the defendant must not be "a danger to the safety of any other person or to the community." *Id.* § 1B1.13(2).

### III. DEFENDANT HAS NOT ESTABLISHED AN EXTRAORDINARY AND COMPELLING REASON FOR HIS RELEASE.

As an initial matter, the parties dispute whether Defendant's motion is properly before this Court. Defendant contends that he has exhausted his administrative remedies because the Bureau of Prisons denied his request for transfer to home confinement. (Def. Letter at 10.) The Government distinguishes Defendant's request to the warden for home confinement from a subsequent request to the warden for compassionate release, arguing that the latter is at issue here and the Bureau of Prisons "has not yet ruled on that request, nor has 30 days elapsed since it was made." (Govt Letter at 6.) Defendant argues that even if he has not exhausted his administrative remedies, this Court should waive compliance with the statutory exhaustion requirement, given the extraordinary threat from COVID-19. (*Id.*) This Court need not decide whether Defendant has exhausted his administrative remedies or whether an exception to the statutory requirement

3

exists, because Defendant has failed to demonstrate "extraordinary and compelling" reasons for release.

Defendant bears the burden of proving that "extraordinary and compelling reasons" exist under 18 U.S.C. § 3582(c)(1)(A) to justify release. *See United States v. Butler*, 970 F.2d 1017, 1026 (2d Cir. 1992) ("If the defendant seeks decreased punishment, he or she has the burden of showing that the circumstances warrant that decrease"). Here, Defendant relies on the catchall provision in the Application Notes to U.S.S.G. § 1B1.13 and argues that his high risk of severe infection from COVID-19 constitutes "extraordinary and compelling" circumstances that warrant his release to home confinement. Of the numerous medical conditions Defendant lists in his motion, only severe obesity has been identified by the CDC as an underlying medical condition that places individuals at high risk for severe illness from COVID-19. *See* Centers for Disease Control and Prevention, *Coronavirus Disease 2019 (COVID-19) – People Who Are at Higher Risk for Severe Illness*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-higher-risk.html (last visited June 1, 2020).

Though at least one of Defendant's medical conditions places him at considerable risk, he has not demonstrated that personnel at FCI Fort Dix are unable, or are taking inadequate steps, to protect him from COVID-19. Defendant makes general, speculative allegations about the risk associated with his conditions of confinement. He asserts that his cellmate is potentially exposed through his work in the dining hall; that inmates are exposed to each other and prison staff in common areas; that showers, toilets, phones, and computers are not cleaned between uses; that guards who enter and exit the facility must have been exposed to the virus outside of FCI Fort Dix; and that access to testing has been extremely limited and inconsistently applied. (Def. Mot. at 5-7.) Such statements, without more, do not demonstrate extraordinary and compelling

circumstances. Further, the Government disputes Defendant's characterization and points to its ongoing efforts to reduce the spread of COVID-19 in prisons and the fact that the low security facility at FCI Fort Dix, where Defendant is held, has zero confirmed cases of COVID-19. (Govt Letter at 11.).

Moreover, the 3553(a) sentencing factors counsel against granting Defendant's request for compassionate release. The magnitude of Defendant's crime is significant. The need to provide the Defendant with medical care is a factor that may weigh in favor of his release, but Defendant's twenty-year sentence reflects the overwhelming seriousness of the offense and need for adequate deterrence. (*See* Sentencing Tr. at 74-76.) Releasing Defendant to home confinement after he has served just six years of a twenty-year sentence would not achieve the purposes of sentencing.

Defendant's motion for compassionate release, (ECF No. 553), is DENIED.


Dated: June 1, 2020
      New York, New York

SO ORDERED.

*George B. Daniels*
GEORGE B. DANIELS
United States District Judge